# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GRZEGORZ SMUK, | ) |
| Plaintiff, | ) |
| v. | ) No. 13 C 08282 |
| SPECIALTY FOODS GROUP, INC., | ) Judge John J. Tharp, Jr. |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Grzegorz Smuk ("Smuk") has filed a four-count complaint against Defendant Specialty Foods Group, Inc. ("SFG") for claims under the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* SFG moves under Fed. R. Civ. P. 12(b)(6) to dismiss Counts I, II, and IV in their entirety and a portion of Count III. As to Counts I and II (the IHRA Counts), SFG contends that Smuk failed to exhaust his administrative remedies with respect to those claims "because Smuk withdrew his Illinois Department of Human Rights ('IDHR') administrative charge ('Charge')." Mem., Dkt. 12, at 1. As to Counts III and IV (the Title VII Counts), SFG argues that "because Smuk's Charge did not include allegations of disparate treatment gender discrimination or unlawful retaliation, those claims are also barred by his failure to exhaust administrative remedies as those claims are outside the scope of the Charge allegations." *Id.*

For the following reasons, SFG's motion is granted as to Counts I and II, and those Counts are dismissed without prejudice. SFG's motion is denied as to Counts III and IV.

**I. The IHRA Counts**

Smuk resists SFG's exhaustion challenge chiefly by arguing that Smuk "was under no obligation to allege exhaustion of administrative remedies at the pleading stage, and dismissal on that basis would be improper under Fed. R. Civ. P. 12(b)(6)." *See* Resp., Dkt. 19, at 2-4. Decisions in this District appear to be split on this question. *See*, *e.g.*, *Muller v. Morgan*, No. 12 C 1815, 2013 WL 2422737, at *3, *5 (N.D. Ill. June 3, 2013) (citing cases demonstrating "support in this District for both positions" and concluding "that those cases holding that a plaintiff must plead that she exhausted her administrative remedies have the better side of the argument"). Nevertheless, regardless of Smuk's pleading obligations, the IHRA has an exhaustion requirement, *Copeling v. Ill. State Toll Highway Auth.*, No. 12 C 10316, 2014 WL 540443, at *4 (N.D. Ill. Feb. 11, 2014), and where (as here) materials properly considered on a motion to dismiss under Rule 12(b)(6) demonstrate a failure to meet that requirement, dismissal under Rule 12(b)(6) is proper. *Id.* at *4-5; *Anderson v. Ctrs. for New Horizons, Inc.*, 891 F. Supp. 2d 956, 960 (N.D. Ill. 2012); *Hankins v. Best Buy Co.*, No. 10 CV 4508, 2011 WL 6016233, at *6 (N.D. Ill. Dec. 2, 2011).

In this regard, SFG appends to its motion two IDHR documents demonstrating that Smuk withdrew his Charge against SFG in that agency, Exhibits B and C to Mem., Dkts. 12-2 and 12-3, and Smuk disputes neither the authenticity nor accuracy of these documents. As such, they are properly considered by this Court. *Copeling*, 2014 WL 540443, at *1 (court must consider "documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice" (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)); *Anderson*, 891 F. Supp. 2d at 959 (court "may consider plaintiff's IDHR and EEOC charges attached to defendants' motion as well as IDHR records submitted by the parties").

The record thus demonstrates Smuk's failure to exhaust his administrative remedies due to his withdrawal of his IDHR Charge, a defect which Smuk's Complaint now attempts to overcome by alleging that he nevertheless "received a 'Notice of Right to Sue' from the EEOC . . . giving him the right to file his Title VII claims and IHRA claims." Compl., Dkt. 1, ¶ 6. This contention, however, fails as a matter of law. *See Hankins*, 2011 WL 6016233, at *6 ("that Hankins received a right to sue notice from the EEOC does not establish that he may bring suit under the IHRA") (citing cases). Smuk's demonstrated failure to exhaust his administrative remedies in the IDHR therefore requires dismissal of Counts I and II. *Id*. (dismissing without prejudice IHRA counts where plaintiff "failed to allege any facts from which the court could conclude that he satisfied the administrative procedures set forth in the IHRA"); *Copeling*, 2014 WL 540443, at *4-5 (dismissing without prejudice where plaintiff "provide[d] no other basis to conclude that she properly exhausted her IHRA claim").[1]

## II. The Title VII Counts

SFG's challenge to Counts III and IV also asserts a failure to exhaust administrative remedies, but of a different stripe. SFG argues that Smuk's corresponding administrative Charge

---

[1] Although the Court agrees that Counts I and II must be dismissed for failure to exhaust administrative remedies, "the Seventh Circuit has explained," repeatedly and contrary to SFG's arguments, "that 'the proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice.'" *Copeling*, 2014 WL 540443, at *5 (quoting *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989)); *Hankins*, 2011 WL 6016233, at *6 (citing *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 411 n.11 (7th Cir. 1989)) (same). And this principle remains even if "there may be no practical distinction here between a dismissal with prejudice and a dismissal without prejudice," *Griffin v. Evanston/Skokie Cmty. Consol. School Dist. 65*, No. 12 C 9828, 2013 WL 6255225, at *4 (N.D. Ill. Dec. 3, 2013), because Smuk now may be unable to exhaust his administrative remedies with respect to those claims, or the claims may be otherwise barred or subject to other defenses. *See, e.g., id.* at *4 (dismissing claims without prejudice, although a subsequent claim "likely will be dismissed with prejudice on limitations grounds"); *Smith v. Shinseki*, No. 11 C 5287, 2014 WL 1876150, at *4 (N.D. Ill. May 9, 2014) (dismissing claims without prejudice, although it was "extremely unlikely" that plaintiff "could properly exhaust her claim, as the EEOC has already dismissed her appeal as untimely").

3

filed in the Equal Employment Opportunity Commission ("EEOC"), which SFG does not contend was withdrawn, "did not include allegations of disparate treatment gender discrimination or unlawful retaliation," and "[c]laims outside the scope of an administrative discrimination charge cannot be litigated." Mem., Dkt. 12, at 1, 6. The Court disagrees.

As an initial matter, SFG's assertion that Smuk's Charge contained no allegations of retaliation is contrary to the Charge on which SFG relies so heavily. *See* Exhibit A to Mem., Dkt. 12-1, at 1-2 (referring to "adverse employment consequences when I rejected the advances" and asserting that "Mr. Miekisz indicated to me that he knew about my report and was holding it against me").[2] But in any case, courts must apply a "liberal standard" when reviewing the scope of an EEOC charge, and "allow claims reasonably related to and growing out of the allegations in the EEOC charge to proceed." *Martin v. F.E. Moran Inc.*, No. 13 C 3526, 2014 WL 5421021, at *4 (N.D. Ill. Oct. 24, 2014); *Steele v. APL Logistics*, No. 07 C 6440, 2008 WL 268705, at *3 (N.D. Ill. Jan. 28, 2008) (same). Factual statements in an EEOC charge thus "may implicate several different types of discrimination" not expressly asserted in the original charge. *Aldridge v. Lake Cnty. Sherriff's Office*, No. 11 C 3041, 2013 WL 4080651, at *4 (N.D. Ill. Aug. 13, 2013) (quoting *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 866 (7th Cir. 1985)). Such additional judicial claims have been found "reasonably related" and allowed to proceed, where "the

---

[2] SFG's contentions that "the Complaint contains no allegation of an actionable adverse employment action" and "failed to plead disparate treatment discrimination" (Dkt. 20 at 5-6) are similarly unpersuasive. *See* Compl., Dkt. 1, ¶¶ 89-92 (alleging "discriminating against Plaintiff based on his gender"; "a policy, pattern, and practice of sexual harassment of men and discrimination based on gender"; "discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment"; and "lost wages, back pay and front pay, [and] lost future wages."). These allegations, within the context of Smuk's entire Complaint, are sufficient under the liberal pleading requirements of Fed. R. Civ. P. 8 to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Venezia v. Gottlieb Mem. Hosp., Inc.*, 421 F.3d 468, 472 (7th Cir. 2005) (plaintiff's allegations of "harassment that he claimed occurred 'because of his sex'" sufficient to satisfy Rule 8 and survive motion under Rule 12(b)(6)).

4

allegations in the complaint describe the same conduct and implicate the same individuals as those found in the EEOC charge." *See*, *e.g.*, *id.* at *4; *Morales v. Goodwill Indus. of Se. Wisc., Inc.*, No. 14 CV 2370, 2014 WL 4914255, at *4 (N.D. Ill. Sept. 30, 2014) ("the accommodation claim and the discrimination charge involve the same conduct and individuals"); *Steele*, 2008 WL 268705, at *4 (plaintiff's additional claim "implicate[d] the same time frame, similar conduct, and the same individual identified in her EEOC charge").

Applying this liberal standard to Smuk's Complaint, the Court finds that Smuk's retaliation and gender discrimination claims under Title VII (Counts III and IV) are reasonably related to the allegations in his EEOC Charge, as the Complaint and Charge involve the same individuals (*e.g.*, Smuk's supervisor and SFG's plant manager and human resources personnel) and conduct (*e.g.*, "sexual harassment," "sexually offensive objectifying comments," "threats and harassing comments," and "adverse employment consequences"). *Compare* Mem., Exhibit A, Dkt. 12-1, at 1-2, *with* Compl., Dkt. 1, ¶¶ 16-46. And while Smuk's Complaint certainly delivers more detail than his EEOC Charge, such additional detail reasonably could be expected "to grow from" an investigation of the allegations in Smuk's Charge. *See Tripplett v. Starbucks Coffee*, No. 10 C 5215, 2011 WL 3165576, at *2 (N.D. Ill. July 26, 2011) ("The pertinent inquiry is 'what EEOC investigation could reasonably be expected to grow from the original complaint.'" (quoting *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003))); *Morales*, 2014 WL 4914255, at *4 & n.4 ("the relevant inquiry is whether 'the claim in the complaint reasonably *could* develop from the EEOC investigation into the original charges'" (quoting *Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995))); *Griffin v. Sutton Ford, Inc.*, 452 F. Supp. 2d 842, 846-47 (N.D. Ill. 2006) (plaintiff's claim "could also have reasonably developed from the EEOC investigation").

For these reasons, SFG's motion to dismiss Counts III and IV of Smuk's Complaint is denied.

Date: January 9, 2015

John J. Tharp, Jr.
United States District Judge