IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GRZEGORZ SMUK,                )
                              )   No. 13 C 8282
            Plaintiff,        )
                              )
    v.                        )
                              )   Honorable John Robert Blakey
SPECIALTY FOODS GROUP, INC.,  )
                              )
            Defendant.        )

# MEMORANDUM OPINION AND ORDER

On November 18, 2013, Grzegorz Smuk sued his employer, Specialty Foods Group, Inc. ("SFG"), alleging sexual harassment and retaliation in violation of both the Illinois Human Rights Act ("IHRA")(Counts I and II) and Title VII of the Civil Rights Act of 1964 (Counts III and IV). *See* Complaint [1]. SFG moved to dismiss the IHRA claims [10], arguing that Smuk had failed to exhaust his administrative remedies with respect to those claims. Judge Tharp, to whom the case was previously assigned, agreed and issued a memorandum opinion and order dismissing Smuk's IHRA claims, without prejudice, on January 9, 2015 [25]. Smuk filed an amended complaint on January 30, 2015 [30]. His amended complaint repleads the dismissed IHRA claims (as well as the previously pled Title VII claims), but adds allegations that he exhausted his administrative remedies "by withdrawing his IHRA charge at the suggestion of the [Illinois Department of

Human Rights] caseworker assigned to Plaintiff's agency charge in exchange for a 'Right to Sue' letter from the IDHR." First Amended Complaint [30], ¶¶ 50, 64. SFG has filed a motion to dismiss, making the same arguments it made in its motion to dismiss these counts the first time around. Motion to Dismiss [36]. Because it is clear from the face of the amended complaint that Smuk has not and cannot exhaust his administrative remedies with respect to his IHRA claims, the motion to dismiss [36] is granted.

Given that SFG has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the First Amended Complaint in the light most favorable to Smuk, accepting as true all well-pleaded facts and drawing all reasonable inferences in his favor. *E.g., Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013)(citing Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). But the Court "need not accept as true statements of law or unsupported conclusory factual allegations." *Id.* (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Thus, although Smuk alleges in his amended complaint that he exhausted his administrative remedies, the Court need not accept that as true. And, in fact, the documents attached to the amended complaint belie the allegation.

Significantly, although Smuk's initial complaint did not include the allegations about the withdrawal of the IHRA charge, Judge Tharp was aware of the withdrawal when he dismissed the claims. *See* Memorandum Opinion and Order [25], pp. 2-3. Indeed, Judge Tharp noted that the documents evidencing

2

Smuk's withdrawal of his IHRA charge demonstrated his failure to exhaust. *See* Memorandum Opinion and Order [25], pp. 2-3. Nothing has changed since Judge Tharp issued his decision; the new allegations reflect the same evidence that was before Judge Tharp, which demonstrates conclusively that Smuk has not and cannot exhaust his administrative remedies with respect to the claims he has asserted under the IHRA. Accordingly, the same outcome must ensue. *See Anderson v. Centers for New Horizons, Inc.*, 891 F.Supp.2d 956, 960 (N.D. Ill. 2010)(a plaintiff who voluntarily withdraws an IDHR charge is precluded from exhausting administrative remedies and is barred from proceeding with a civil lawsuit for violation of the IHRA against defendants based on age discrimination under the IHRA). As Judge Tharp correctly noted in ruling on the initial motion to dismiss, a right to sue letter from the EEOC does not serve as a substitute for a final order from the IDHR and cannot cure Smuk's failure to exhaust as to the IHRA claims. *See* Memorandum Opinion and Order [25], p. 3. *See also Anderson*, 891 F.Supp.2d. at 960 ("a right to sue letter from the EEOC does not serve as a substitute for a final order from the [IDHR]")(citing *Jimenez v. Thompson Steel Co., Inc.*, 264 F.Supp.2d 693, 695 (N.D. Ill. 2003); *Hankins v. Best Buy Co., Inc.*, No. 10 CV 4508, 2011 WL 6016233, at *6 (N.D. Ill. Dec. 2, 2011)). Of course, the Title VII claims remain.

## Conclusion

For the reasons explained above, Defendant SFG's motion to dismiss counts I and II of Smuk's first amended complaint [36] is granted. At the next status

3

hearing (previously set for March 25, 2015), the parties should be prepared to discuss and set discovery deadlines and additional case management dates.

Dated: March 2, 2015

                                              Entered:

                                              _____
                                              John Robert Blakey
                                              United States District Judge